UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAY LOY,

        Plaintiff,

                                              Case Number 09-12728-BC

v.                                          Honorable Thomas L. Ludington

B & P PROCESS EQUIPMENT &
SYSTEMS, L.L.C.,

        Defendant.
_____ /

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES</u>**

In this dispute between a salesman and his former employer over an unpaid commission and bonus, the Court concluded that the salesman was entitled to judgment on both the commission and bonus, as well as additional damages pursuant to the Michigan Sales Representative Commission Act, Mich. Comp. Laws § 600.2961 ("Act"). The salesman, Plaintiff Jay Loy, now moves for attorney fees and costs as the "prevailing party" under the Act. ECF No. 43. The former employer, Defendant B&P Process Equipment & Systems, L.L.C., contends that Plaintiff is not the prevailing party because he referenced three commissions at trial, but did not recover payments for them. Plaintiff's motion will be granted.

**I.**

Defendant manufactures, installs, and services commercial mixing systems in a variety of industries. Defendant hired Plaintiff as a salesman in 2005 and promoted him to an account manager on January 31, 2008. Also on January 31, 2008, Plaintiff and Defendant executed a contract that provided for a base salary, commissions for all sales, and bonus commissions for sales that exceeded yearly targets. The bonus provision provided that Plaintiff would receive a

one percent bonus commission on all "Sales Revenue" arising from the sale of new equipment that exceeded $10 million per fiscal year.

On April 1, 2008, Plaintiff and Defendant's then-CEO, Ray Miller, traveled to India where they negotiated and signed a "letter of intent" with an Indian company called Vedanta for the sale of three continuous mixers designed to be used in the aluminum smelting process. Plaintiff was credited for making the sale and negotiating the terms of the letter of intent. The letter of intent provided that Defendant would deliver the three machines to a Vedanta plant in India, provide various services, and provide spare parts in exchange for $5,496,860. The delivery dates for the machines were indicated as February, May, and June 2009. The letter of intent called for both parties to sign a "detailed Contract" within sixty days. It further provided that "[t]he Contract shall become effective and the completion schedule shall be reckoned from the date of issue of this LOI ie. 1st April, 2008." The letter of intent was signed by officials from Vedanta and Defendant.

The "detailed Contract" required by the letter of intent was not signed within sixty days. On September 4, 2008, Vedanta returned the unsigned contract to Defendant. Defendant's managers immediately re-endorsed the contract and returned it to Vedanta, which eventually executed it on October 18, 2008.

While this back-and-forth regarding contract execution was transpiring, Plaintiff voluntarily resigned from Defendant on September 12, 2008. Defendant did not pay Plaintiff any commission associated with the Vedanta sale. All other commissions were paid on time.

On June 22, 2009, Plaintiff filed a two-count complaint in Saginaw County Circuit Court alleging that Defendant breached a contract for the payment of his sales commission and bonus. The complaint references only one sales project by name — the "Vedanta Project." *See* Compl.

¶¶ 22–27, ECF No. 1-2.  Count one alleged breach of contract; specifically, that Plaintiff was owed $17,325 "in accordance with the terms of the Compensation Plan regarding Acquisition Commissions" and $39,773 as a "bonus commission." *Id.* ¶¶ 14, 15.  Count two alleged a violation of the Act; specifically, that Defendant "intentionally failed to pay the commission when due," entitling Plaintiff to $100,000 in statutory damages.  *See* Mich. Comp. Laws § 600.2961(5)(b).  Thus, the complaint sought $157,098 in damages, plus attorney fees and costs.

The case was removed to this Court by Defendant on July 10, 2009.  ECF No. 1.  Defendant then moved for summary judgment, which was denied on September 21, 2010.  ECF No. 24.  The case proceeded to a bench trial.  At the conclusion of the trial, the Court issued certain findings from the bench, concluding that Plaintiff was entitled to the sales commissions he was seeking, but requesting supplemental briefing on the bonus commission and statutory damages claims.  After reviewing the supplemental briefing, the Court concluded that Plaintiff was entitled to both the bonus commission and statutory damages under the Act.  ECF No. 35.  On August 18, 2011, judgment was entered in Plaintiff's favor in the amount of "$158,748 in damages, together with $10,420.81 in prejudgment interest through August 9, 2011 and all costs allowed by law."  ECF No. 37.

Plaintiff now moves for attorney fees and costs pursuant to subsection six of the Act, which provides: "If a sales representative brings a cause of action pursuant to this section, the court shall award to the prevailing party reasonable attorney fees and court costs."  Mich. Comp. Laws § 600.2961(6).  Specifically, he seeks $26,979.75 in attorney fees (119.91 hours at $225 per hour), $178 in costs, and post-judgment interest at the statutory rate.  Defendant opposes the motion, arguing that Plaintiff was not a "prevailing party" as defined by the Act.  Defendant does

not contend, however, that the $225 hourly rate or the number of hours billed is unreasonable. The Court will grant Plaintiff's motion for the following reasons.

## II.

"Prevailing party" is defined by the Act as "a party who wins on all the allegations of the complaint or on all of the responses to the complaint." Mich. Comp. Laws § 600.2961(1)(c). On its face, this provision appears to require that, in order to be the "prevailing party," the party succeed on all of the factual allegations and legal theories pled in the complaint or answer. Such, however, is not the law. Instead, the statute has been construed liberally. *See, e.g.*, *H.J. Tucker and Assocs., Inc. v. Allied Chucker and Eng'g Co.*, 595 N.W.2d 176, 182 (Mich. Ct. App. 1999).

In *Tucker*, for example, the court rejected the defendant's argument that the plaintiff was not the prevailing party as the plaintiff had pled alternative theories of liability and had not prevailed on all of the theories, explaining:

> Because each theory sought to recover for the same injury and recovery under any theory would have allowed recovery of the full measure of her damages, our Court [has established] that it was necessary for the plaintiff to "prevail only on one theory in order to be considered a prevailing party."

*Id.* at 182 (quoting *Van Zanten v. H. Vander Laan Co., Inc.*, 503 N.W.2d 713, 714 (Mich. Ct. App. 1993); *accord Kenneth Henes Special Projects Procurement v. Continental Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 736 (E.D. Mich. 2000).

Likewise, a plaintiff need not recover the full amount of damages sought in the complaint to qualify as a "prevailing party." *Peters v. Gunnell, Inc.*, 655 N.W.2d 582, 589–90 (Mich. Ct. App. 2002). In *Peters*, the court rejected the defendant's argument that the plaintiff was not a prevailing party because he "alleged damages in excess of $25,000, but was found to have suffered actual damages in the amount of only $8,102." *Id.* at 589. The court explained:

> The fact that plaintiff is entitled to $8,102.26 in actual damages is not dispositive of whether he prevailed on all aspects of his claim to the extent that he is entitled to an award of attorney fees and costs under . . . § 600.2961(6). Plaintiff merely alleged that he was owed past-due commissions and that the amount in controversy exceeded $25,000. When considering all the statutory grounds for relief under the [Act], we conclude that plaintiff prevailed on his jurisdictional allegation as well as on his claim for past-due commissions.

*Id.* at 590.

In accord with these precedents, when a court of this district was confronted with a claim for attorney fees under the Act, the court broadly construed the "prevailing party" provision. *Kenneth Henes*, 86 F. Supp. 2d at 736. The plaintiff sought to recover four unpaid commissions on two theories — breach of contract and a violation of § 2961. *Id.* For one of the transactions, the plaintiff prevailed on the breach of contract theory, but not the § 2961 theory; it prevailed on the other transactions under its breach of contract theory and § 2961 theory. *Id.* "Pursuant to *Tucker*," the court concluded, "Plaintiff should be considered a 'prevailing party' for purposes of an award of attorneys' fees under the Sales Representative Statute." *Id.* (citing *Tucker*, 595 N.W.2d at 182).

In this case, Plaintiff is a prevailing party based on the plain language of the statute, as well as the precedents discussed above. Plaintiff's complaint put forth two theories — breach of contract and a violation of § 2961. Plaintiff obtained a verdict on both. The complaint references only one sales project by name — the "Vedanta Project." *See* Compl. ¶¶ 22–27. Plaintiff prevailed on his claim to a commission on this project, as well as a bonus. The complaint sought $157,098 in damages. And Plaintiff won $158,748 in damages, plus prejudgment interest. Under the Act, Plaintiff is a "prevailing party."

Defendant's argument that Plaintiff is not the prevailing party because he also raised issues regarding commissions for "Outotec, Yellow River, and Shadong" projects at trial is

unpersuasive. As a preliminary matter, the Act's "prevailing party" provision does not reference issues raised at trial, but rather "allegations of the complaint." § 600.2961. As noted above, the complaint makes no reference to these specific projects; it identifies only the "Vedanta Project." Moreover, under the above precedents, Plaintiff qualified as the "prevailing party" because he prevailed on theories which "allowed recovery of the full measure of [his] damages." *Tucker*, 595 N.W.2d at 182. Indeed, Plaintiff recovered a greater dollar amount than was pled in the complaint.

Finally, Defendant does not object to the reasonableness of the amount of the fee requested. The Sixth Circuit instructs that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 406 (6th Cir. 1992). Moreover, an independent review demonstrates that the amount of attorney fees requested, $26,979.75 (119.91 hours at $225 per hour), is reasonable.

### III.

Accordingly, it is **ORDERED** that Plaintiff's motion for attorney fees (ECF No. 43) is **GRANTED**.

It is further **ORDERED** that judgment is entered in favor of Plaintiff and against Defendant in the amount of $27,157.75, plus post-judgment interest at the statutory rate.

It is further **ORDERED** that the hearing scheduled for October 31, 2011, at 3:30 p.m. is **CANCELED** because the parties' papers provide the necessary factual and legal information to decide the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

Dated: October 28, 2011

                                        s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2011.

                            s/Tracy A. Jacobs
                            TRACY A. JACOBS